UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUINTIN JEROME BALLENTINE,<br><br>               Plaintiff,<br><br>-against-<br><br>YAHOO INC.; JIM LANZONE,<br><br>               Defendants. | 24-CV-5253 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against Yahoo, Inc. and Yahoo's Chief Operating Officer Jim Lanzone under two federal criminal statutes, 26 U.S.C. § 7213 and 18 U.S.C. § 1028, concerning the alleged disclosure of his private information. By order dated July 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint for failure to state a claim but grants him 30 days to file an amended pleading.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint. From January 1, 2023, to May 1, 2024, "sensitive information in [Plaintiff's] online account, including photographs of my social security card, birth certificate, state ID, and other identifying data, has been stolen from the account." (ECF 1, at 5.) Plaintiff states that he has "been subject to harassment online stemming from a breach of this account by unnamed and unknown actors, who used my personal information obtained from the email address in question to steal my identity." (*Id.*) Plaintiff alleges that these unknown actors found "the location of my place of residence, and covertly intimidate[d] and harass[ed] me, by individuals, who seemed to be suffering from some form of psychiatric disorder(s)." (*Id.*) Plaintiff seeks money damages in the amount of $133,000.00.

## DISCUSSION

### A.     Federal Criminal Statutes

Plaintiff cannot initiate the arrest and prosecution of Defendants in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Moreover, he cannot direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's federal claims for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).[1]

---

[1] These statutes also do not provide a private civil right of action. *See Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (finding plaintiff's identity theft claim under Section 1028 "without merit because the statute is criminal in nature and provides no private right of action"); *Brodsky v. Carter*, No. 15-CV-3469 (GBD) (DF), 2015 WL 13746671, at *12 (S.D.N.Y. Dec. 15, 2015*), report and recommendation adopted sub nom. Brodsky v. New York City Campaign Fin. Bd.*, 2016 WL 1258986 (S.D.N.Y. Mar. 28, 2016), *aff'd sub nom. Brodsky v. Carter*, 673 F. App'x 42 (2d Cir. 2016) (noting that claims brought "under 26 U.S.C. §§ 7206, 7213, or 7216 are subject to dismissal [because] these provisions of the Internal

B.   **State Law Negligence Claims**

Because the facts suggest that Plaintiff is alleging that Defendants allowed his private information, stored on the Yahoo platform, to be accessed by third parties, the Court construes these allegations as asserting a state law claim of negligence. The Court may exercise jurisdiction of such a state law claim under its diversity jurisdiction, 28 U.S.C. § 1332. The facts alleged, however, are insufficient for such a claim to proceed.

1.   **Diversity Jurisdiction**

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

---

Revenue Code are criminal in nature"). Plaintiff's claims under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, a federal law that does "provide a civil cause of action against persons who intentionally 'intercept' electronic communications," *Snyder v. Fantasy Interactive, Inc.*, No. 11-CV-3593 (WHP), 2012 WL 569185, at *2 (S.D.N.Y. Feb. 9, 2012), also fail to state a claim. Plaintiff does not allege any facts suggesting that Defendants personally intercepted his personal information; rather, he claims that Defendants failed to protect his information from unknown individuals who accessed his personal information on the Yahoo platform, and then disclosed it. The ECPA therefore does not apply to the facts of this case.

Here, Plaintiff alleges that both he and Defendants are domiciled in New York State, which suggests that the parties are not diverse and that the Court cannot exercise diversity jurisdiction of any state law negligence claim Plaintiff may be asserting. The Court will evaluate this claim, however, because Yahoo may not be domiciled in New York but rather in Delaware and California, *see Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1201 (9th Cir. 2006) ("Yahoo! is a Delaware corporation with its principal place of business in California."); and Plaintiff could consider dropping Lanzone – if he is domiciled in New York – as a dispensable party.[2] Moreover, in an amended complaint, Plaintiff may be able to state specific facts that suggest Defendants' conduct violated his rights and that satisfy the amount in controversy requirement.

### 2. State Law Claim of Negligence

Under New York law, a negligence claim has three elements: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981) (internal quotation marks omitted)).

Where a plaintiff asserts a negligence claim regarding the disclosure of personal identifying information, "a duty of care exist[s] when the custodian of the information was 'in the best position to protect information on its own servers from data breach,' 'understood the importance of data security to its business, knew it was the target of cyber-attacks, and touted its data security to current and potential customers.'" *In re USAA Data Sec. Litig.*, 621 F. Supp. 3d

---

[2] Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).

4

454, 469 (S.D.N.Y. 2022) (quoting *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 594-96 (S.D.N.Y. 2022)).

Here, Plaintiff does not state sufficient facts to suggest that Defendants owed him a duty to protect his personal identifying information, including his birth certificate and social security number, or breached any duty Plaintiff may claim that they owed him. Plaintiff does not describe where he stored his information on the Yahoo platform or the nature of the alleged breach. He also does not state any facts suggesting that Defendants were aware of any breach but failed to inform Plaintiff of it. Plaintiff therefore does not state a negligence claim against Defendants.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to demonstrate the existence of diversity jurisdiction and state a valid negligence claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 6, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge